NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

NATHANIEL JOSEPH LOREDO, *Appellant*.

No. 1 CA-CR 16-0150
1 CA-CR 16-0159
(Consolidated)
FILED 1-10-2017

Appeal from the Superior Court in Maricopa County
No. CR2007-109438-001 CR2015-130267-001
The Honorable Daniel J. Kiley, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Terry J. Adams
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Jon W. Thompson delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Chief Judge Michael J. Brown joined.

---

**T H O M P S O N**, Judge:

¶1        This consolidated case—regarding CR2007-109438-001 and CR2015-130267-001[1]—comes to us as an appeal under *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969).  Counsel for the defendant, Nathaniel Joseph Loredo (Loredo), has advised us that, after searching the entire record, he was unable to discover any arguable questions of law and has filed a brief requesting that this court conduct an *Anders* review of the record.  Loredo was given an opportunity to file a supplemental brief *in propria persona*, but he did not do so.  We have jurisdiction pursuant to Article 6, Section 9 of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1) (2016), 13-4031 (2016), and -4033(A)(1) (2016).[2]

¶2        Early morning on July 1, 2015, the victims, B.J. and N.M., were awoken by their dog barking.  Upon waking, B.J. reached for a flash light and illuminated the face of an unknown man who was standing in his bedroom.  B.J. reached for his gun as the man ran out of the bedroom and out of the house through the back door.  B.J. pursued the man on foot for several blocks until he encountered a security guard.  After signaling for the guard to call the police, B.J. returned to his house to get dressed.

¶3        A short time after, the Phoenix Police Department (PPD) received a call to respond to an intruder at the victims' address.  A description of the intruder was provided to officers, identifying the intruder as a Hispanic male with the word "Mexico" tattooed on his stomach.

¶4        A few blocks from the victims' home, Officer Packard of the PPD engaged a man walking down the street.  The man appeared to match the description of the intruder.  Officer Packard stopped the man and asked

---

[1]        CR2015-130267-001 is the instant trial case relating to the events of July 1, 2015.

[2]        We cite to the current version of the relevant statutes unless revisions material to this decision have occurred.

him to lift up his shirt. He complied, and Officer Packard was able to read the words "New Mexico" tattooed on the man's stomach. Officer Packard detained him until Officer Metcalf, also with the PPD, brought B.J. to the scene. At the scene, officers asked B.J. if the man they had detained was the same person who had been in his bedroom earlier. B.J. identified Loredo as the intruder who was in his house, telling officers, "That's him. You guys got him." Loredo was subsequently arrested.

¶5        The state charged Loredo with one count of criminal trespass in the first degree, a class six felony. Loredo pleaded not guilty to the charge and requested a jury trial. While Loredo chose not to testify at trial, he presented his stomach tattoo to the jury. After four days of trial, the jury found Loredo guilty as charged. Based on the jury's finding of guilt, the court found Loredo was in violation of his probation in CR2007-109438-001, a prior matter.

¶6        The court held a combined trial on priors and sentencing in the criminal trespass matter, CR2015-130265-001, and a non-witness violation hearing in CR2007-109438-001. The court found Loredo had two historical prior felony convictions—burglary in the second degree and aggravated assault, class 3 felonies—in CR2007-109438-001. The state, however, clarified that it did not prove to the jury that Loredo was on probation at the time of the conviction in CR2015-130267-001. Accordingly, the state withdrew its prior "on probation" allegation, but nonetheless requested that Loredo's probation in CR2007-109438-001 be revoked to the presumptive term consecutive with CR2015-130267-001. Because the state's "on probation" allegation was unproven, it was within the court's discretion to reinstate Loredo's probation or sentence him to either concurrent or consecutive terms on the matter.

¶7        The court considered the circumstances, including Loredo's "criminal history, family support, and apparent mental health and substance abuse issues." As to the trial case, CR2015-130267-001, the court sentenced Loredo to the presumptive term of 3.75 years in the Department of Corrections (DOC), with credit for 233 days of presentence incarceration. As to CR2007-109438-001, the court reinstated Loredo's probation for three years following his physical release from the DOC in CR2015-130267-001.

¶8        We have read and considered Loredo's *Anders* brief. After reviewing the entire record for fundamental error, *see State v. Henderson*, 210 Ariz. 561, 567-68, ¶¶ 19, 24, 115 P.3d 601, 607-08 (2005), we find no such error. The record reflects that the proceedings complied with the Arizona Rules of Criminal Procedure. Loredo had a fair trial, he was present and

represented by counsel at all critical stages prior to and during trial, as well as during the verdict and at the sentencing. The evidence is sufficient to support the verdict for the crime charged in the trial case and the imposed sentence. We thus affirm Loredo's conviction and sentence in CR2015-130267-001. We additionally affirm the reinstatement of his probation in CR2007-109438-001.

**¶9** Upon the filing of this decision, counsel shall inform Loredo of the status of the appeal and his options. Defense counsel has no further obligations, unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). Loredo shall have thirty days from the date of this decision to proceed, if he so desires, with a pro per motion for reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED: AA